## NITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____ :
: 
**TAKEDA PHARMACEUTICAL**          :
**COMPANY LIMITED, et al.,**        :
:
       **Plaintiffs,**          :     **Civil Action No. 11-2506 (JAP)**
:
   **v.**          :
:
**MYLAN INC., et al.**          :     **PRETRIAL SCHEDULING ORDER**
:
      **Defendants.**          :
_____ :

This matter having come before the Court for a conference pursuant to Fed. R. Civ. P. 16 on September 6, 2011; and the Court having conferred with counsel; and for good cause shown,

**IT IS on this 8th day of September 2011**,

**ORDERED that:**

1. The Parties shall comply with the disclosure requirements of Fed. R. Civ. P. 26(a) by **October 20, 2011.**

**IT IS FURTHER ORDERED THAT:**

1.     Telephone status conferences will be conducted by the Undersigned on:

> **December 21, 2011 at 11:00 a.m.**
> **March 26, 2012 at 11:00 a.m.**
> **June 25, 2012 at 10:00 a.m.**
> **August 1, 2012 at 10:00 a.m.**

Plaintiffs' counsel shall initiate these calls.

2. Plaintiffs shall submit a "Disclosure of Asserted Claims" by **October13, 2011**.

3. Defendants' invalidity and noninfringement contentions together with accompanying disclosures and related document production are to be served by **October 20, 2011.**

4. No later than **October 20, 2011,** the parties shall submit a proposed discovery

confidentiality order and certification as required by Local Civ. R. 5.3.

5.  Plaintiffs' Disclosures of Infringement Contentions" and  responses to invalidity contentions and infringement contentions shall served  by **December 5, 2011.**

6.      The Parties shall identify the Terms that are to be construed  by **December 19, 2011.**

**7.**      The Parties shall exchange  their proposed claim constructions and identify all intrinsic and extrinsic evidence supporting their proposed constructions, and shall meet and confer to narrow any issues related to claim construction no later than **January 9, 2012.**

8.      Any motion to amend pleadings (other than inequitable conduct) or join parties must be filed by **January 12, 2012.**

9**.**      The Parties shall exchange all intrinsic and extrinsic evidence upon which they intend to rely to oppose any other party's proposed counterclaim by **January 23, 2012**.

10      The Parties shall file their Joint Claims Construction and Prehearing Statement no later than **February 9, 2012.**

11**.**      Fact discovery related to claim construction shall be completed no later than **March 8, 2012.**

12**.**      Opening <u>Markman</u> briefs shall be filed no later than **March 23, 2012.**

13.      <u>Markman</u> expert discovery shall be completed no later than **April 26, 2012.**

14.      <u>Markman</u> responsive briefs shall be filed no later than **May 23, 2012**.

15.      The Parties' proposed <u>Markman</u> hearing schedule shall be submitted to the Court no later than **June 7, 2012.**

16.      Counsel shall confer in a good  faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Upon receipt of the portion of the joint letter from the party seeking court-intervention, the adverse party shall provide its position no later than five calendar days of receipt.

No discovery motion or motion for sanctions for failure to provide discovery shall be

filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

17.     At a future date, the Court will establish a schedule for the timely completion of fact and expert discovery as well as dispositive motions.  Nothing in this Order, however, is intended or shall operate to prevent the parties from conducting such discovery at this time.

18.     The  Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

19.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

*s/ Douglas E, Arpert*
DOUGLAS E. ARPERT
United  States Magistrate Judge