UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TAKEDA PHARMACEUTICAL COMPANY LIMITED, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MYLAN INC., et al.,**<br><br>**Defendants.** | Civil Action No. 11-2506 (JAP)<br><br>ORDER TO SEAL |

      This matter having come before the Court upon motion by Plaintiffs/Counter-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, Takeda Pharmaceuticals America, Inc., and Ethypharm, S.A. (collectively "Takeda" or "Plaintiffs") pursuant to Local Civil Rule 5.3(c) to seal the following: (a) Plaintiffs' Opening Claim Construction Brief; and (b) Exhibit 26 to the Declaration of Arlene L. Chow (collectively, the "Subject Matter") [Docket Entry No. 64]; and Takeda arguing that the Subject Matter discloses and discusses in detail information that Defendant Mylan Pharmaceuticals, Inc. ("Defendant"), has designated as "Confidential" or "Highly Confidential - Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order entered by the Court on October 19, 2011 [Docket Entry No. 48]; and Plaintiffs arguing that they have a legitimate interest in the Subject Matter being filed under seal because the Subject Matter contains Defendant's business, trade-secret and/or proprietary information and Plaintiffs require such information to be included in their Opening Claim Construction Brief in order to adequately advocate for their position; and Plaintiffs further arguing that maintaining the confidentiality of the Subject Materials outweighs the public's interest in accessing same because the information contained therein pertains to Defendant's proprietary information, information necessary for Plaintiffs to argue their position;

and Plaintiffs further arguing that a clearly defined and serious injury will result if the Court does not file the Subject Materials under seal: namely, without an order to file the Subject Materials under seal, Plaintiffs will be limited in their ability to advocate their position because they will be unable to include the Subject Materials in their Opening Claim Construction Brief and other supporting documents; and Plaintiffs further arguing that no less restrictive alternative exists; and there being no opposition to Plaintiffs' Motion; and no interested person having as yet moved to intervene with respect to this Motion as permitted by Local Civil Rule 5.3(c)(4)[1]; and the Court having fully considered and reviewed Plaintiffs' moving papers; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and the Court further finding that there is "a presumptive right of access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id.* at 165 (internal quotation marks and citation omitted)); and the Court further finding that under Local Civil Rule 5.3(c)(2) a party seeking an order to seal must describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available; and the Court further finding that while Plaintiffs have adequately met

---

[1]The Court is aware that any interested person seeking to intervene has until April 16, 2012, the return date for this Motion, to move to do so, and this Order in no way prejudices that right. Consequently, should an interested person timely intervene with respect to Plaintiffs' Motion to Seal, then this Court shall reexamine its findings at that time.

the first three prongs of L.Civ.R. 5.3(c)(2), on the record before It, the Court cannot determine whether the relief requested represents the least restrictive alternative; and the Court noting that Plaintiffs have requested that their entire Opening Claim Construction Brief be sealed without any explanation concerning whether only certain portions of that brief could practically be sealed; and the Court having considered Plaintiffs' motion without oral argument pursuant to FED.R.CIV.P. 78; and for good cause shown,

IT IS on this 9th day of April, 2012,

ORDERED that Plaintiffs' Motion to Seal is hereby GRANTED in part and DENIED in part; and it is further

ORDERED that Plaintiffs' Motion to Seal Exhibit 26 to the Declaration of Arlene L. Chow is GRANTED; and it is further

ORDERED that Plaintiffs' Motion to Seal its entire Opening Claim Construction Brief is DENIED without prejudice pending supplementation of the record with respect to whether only portions of said brief can be practically sealed; and it is further

ORDERED that Plaintiffs shall filed the aforementioned supplementation no later than **April 23, 2012** and that pending supplementation of the record as described above, Plaintiffs' Opening Claim Construction Brief shall remain temporarily sealed; and it is further

ORDERED that the Clerk of the Court shall terminate this motion [Docket Entry No. 67] accordingly.

                                                     s/ Tonianne J. Bongiovanni
                                                     **HONORABLE TONIANNE J. BONGIOVANNI**
                                                     **UNITED STATES MAGISTRATE JUDGE**