Case 3:11-cv-02506-JAP-TJB   Document 78-3   Filed 06/22/12   Page 1 of 4 PageID: 1492

RECEIVED

JUL 17 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

John E. Flaherty
Jonathan M. H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
T (973) 622-4444
F (973) 624-7070

*Attorneys for all Plaintiffs*

| | | |
|---|---|---|
| *Of Counsel*:<br>Eric J. Lobenfeld<br>Arlene L. Chow<br>Dillon Kim<br>**HOGAN LOVELLS US LLP**<br>875 Third Avenue<br>New York, New York 10022<br>(212) 918-3000 | Philippe Y. Riesen<br>**HOGAN LOVELLS HORITSU JIMUSHO**<br>Gaikokuho Kyodo Jigyo<br>15th Floor Daido Seimei<br>Kasumigaseki Building<br>1-4-2 Kasumigaseki<br>Chiyoda-ku, Tokyo 100-0013 Japan<br>(81) 3-5157-8200<br><br>*Attorneys for all Plaintiffs* | Paul A. Ragusa<br>Lisa Kole<br>**BAKER BOTTS LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112<br>(212) 408-2588<br><br>*Attorneys for Plaintiff Ethypharm, S.A.* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>Defendant and Counterclaim-Plaintiff. | Civil Action No. 3:11-CV-02506-JAP-TJB<br><br>[~~PROPOSED~~] ORDER TO SEAL |

i

Case 3:11-cv-02506-JAP-TJB   Document 78-3   Filed 06/22/12   Page 2 of 4 PageID: 1498

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, Takeda Pharmaceuticals America, Inc., and Ethypharm, S.A (collectively, "Plaintiffs") pursuant to Local Civil Rule 5.3(c) to seal portions of Plaintiffs' Responsive Claim Construction Brief, which was electronically filed on June 22, 2012; and the Court having considered the written submissions of the parties, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on October 19, 2011 (D.I. 48, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Civil Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. Only the necessary portions of Plaintiffs' Responsive Claim Construction Brief are being sealed, specifically:

- Page 2, lines 10-11: All words between "incorporating" and "tablet";
- Page 12, lines 7-9: All words between "that incorporates" and "tablet"; and

- Page 12, lines 19-20 – Page 13, lines 1-2: All words between "a formulation" and "tablets"

(collectively, the "Subject Material").

4. A public redacted version of Plaintiffs' Responsive Claim Construction Brief has been filed.

5. By designating the Subject Material as "Confidential," defendant Mylan Pharmaceuticals Inc. ("Defendant") has represented that the Subject Material includes sensitive business, financial or other proprietary information, the disclosure of which would destroy the value of Defendant's information and the competitive advantage which attaches thereto. Defendant has a legitimate interest in the continued confidentiality of this information.

6. Absent an order sealing the Subject Material, Plaintiffs cannot include the confidential information in support of their Responsive Claim Construction Brief, without wholly disregarding Defendant's designation. The omission of this confidential information from Plaintiffs' papers would significantly limit Plaintiffs' ability to adequately advocate for their position.

7. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Plaintiffs have met their burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

8. Specifically, the Court concludes that:

(a) the Subject Material contains information concerning the business or financial information of Defendant that Defendant has designated "Confidential";

(b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

2

Case 3:11-cv-02506-JAP-TJB   Document 83   Filed 06/22/12   Page 4 of 4 PageID: 1495

(c)   the omission of the Subject Material from Plaintiffs' Responsive Claim Construction Brief would significantly limit Plaintiffs' ability to advocate for their position; and

(d)   there is no less restrictive alternative to the relief sought.

THEREFORE, it is on this 16th day of July, 2012

ORDERED that this Motion to Seal, pursuant to Local Civil Rule 5.3 is hereby granted; and

IT IS FURTHER ORDERED that the Clerk is hereby directed to seal the Subject Material.

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

IT IS FURTHER ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 78]