UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL CO, LIMITED, et al.<br><br>         Plaintiff,<br><br>    v.<br><br>MYLAN, INC., et al.<br><br>         Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 11-2506 (JAP)<br><br>**ORDER** |

Presently before the Court is a letter request from Plaintiffs in this matter for an Order striking certain arguments allegedly raised by Defendant Mylan for the first time in its responsive claim construction brief (D.I. 81) and supplemental expert declaration (D.I. 80). Specifically, Plaintiffs seek to strike (1) Mylan's argument regarding "enteric coating layer;" (2) Mylan's indefiniteness argument regarding "permits to obtain reduced pH influence in the digestive tract;" (3) Mylan's indefiniteness argument regarding "permits to obtain … reduced influence of viscosity; and (4) Mylan's argument that the '994 file history supports separate and distinct constructions for "enteric coating agent" and "sustained-release agent." Alternatively, Plaintiffs seek permission to file a reply claim construction brief and supplement expert declaration to respond to these arguments.  The Court has reviewed the submissions of the parties, and denies Plaintiffs' request to strike Mylan's arguments, but grants Plaintiffs' request

to file a reply brief and supplemental declaration.  However, the Court shall only consider only the portions of such papers that respond to the four arguments noted above.[1]  Consequently,

      IT IS on this 1st day of August 2012,

      ORDERED that Plaintiffs' request to file a reply brief and supplemental declaration is GRANTED; and it is further

      ORDERED that the reply brief and exhibits attached to Plaintiffs' July 6 letter (D.I. 83) shall be deemed filed in this action.

                              /s/ Joel A. Pisano
                              JOEL A. PISANO, U.S.D.J.

---

[1] Point IV of Plaintiffs' reply brief addresses Mylan's characterization of certain expert testimony that is unrelated to any of the four arguments Plaintiffs seek to strike.