John E. Flaherty
Jonathan M. H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
T (973) 622-4444
F (973) 624-7070

*Attorneys for all Plaintiffs*

| | | |
|---|---|---|
| *Of Counsel*: | Philippe Y. Riesen | Paul A. Ragusa |
| Eric J. Lobenfeld | **HOGAN LOVELLS HORITSU** | Lisa Kole |
| Arlene L. Chow | **JIMUSHO** | **BAKER BOTTS LLP** |
| **HOGAN LOVELLS US LLP** | Gaikokuho Kyodo Jigyo | 30 Rockefeller Plaza |
| 875 Third Avenue | 15th Floor Daido Seimei | New York, NY 10112 |
| New York, New York 10022 | Kasumigaseki Building | (212) 408-2588 |
| (212) 918-3000 | 1-4-2 Kasumigaseki | |
| | Chiyoda-ku, Tokyo 100-0013 | |
| *Attorneys for all Plaintiffs* | Japan | |
| | (81) 3-5157-8200 | *Attorneys for Plaintiff* |
| | | *Ethypharm, S.A.* |
| | *Attorneys for all Plaintiffs* | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A., | : : : : : : : | Civil Action No. 3:11-CV-02506-JAP-TJB |
| Plaintiffs and Counterclaim-Defendants, v. | : : : | **REVISED JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |
| MYLAN PHARMACEUTICALS INC., | : : | |
| Defendant and Counterclaim-Plaintiff. | : : | |

## INTRODUCTION

Pursuant to L. Pat. R. 4.3, Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, and Takeda Pharmaceuticals America, Inc. (collectively, "Takeda") and Ethypharm, S.A. ("Ethypharm") (Takeda and Ethypharm together "Plaintiffs") and Defendant Mylan Pharmaceuticals Inc. ("Mylan") provided their Joint Claim Construction And Prehearing Statement on February 9, 2012 (D.I. 59).  The parties have since agreed to the construction of the following claim terms: (1) "fine granules" (U.S. Patent No. 6,328,994); (2) "a composition" (U.S. Patent No. 6,328,994); and (3) "A rapidly disintegratable tablet for oral administration and disintegration in the buccal cavity without the use of water" (U.S. Patent No. 5,464,632).  To reflect the parties' agreement as to those terms, the parties hereby provide their Revised Joint Claim Construction And Prehearing Statement in advance of the hearing scheduled for August 23, 2012 at 9:30 AM.

## I.    Construction Of Terms On Which The Parties Agree

1.    U.S. Patent No. 6,328,994 ("the '994 patent")

| CLAIM TERM | AGREED CONSTRUCTION |
|---|---|
| *Claim 1* | |
| fine granules | fine granules up to and including the enteric coating layer |
| a composition | composition up to but not including the enteric coating layer |
| said composition having 10 weight % or more of an acid-labile physiologically active substance that is lansoprazole | said composition up to but not including the enteric coating layer having 10 weight % or more of an acid-labile physiologically active substance that is lansoprazole |
| and (ii) an additive | Plain and ordinary meaning; no construction needed. |

1

| CLAIM TERM | AGREED CONSTRUCTION |
|---|---|
| | |
| having a hardness strength of about 1 to about 20 kg | Plain and ordinary meaning; no construction needed. |
| *Claim 3* | |
| wherein the fine granules further comprise a basic inorganic salt. | Plain and ordinary meaning; no construction needed. |
| *Claim 4* | |
| wherein the additive comprises a water-soluble sugar alcohol. | Plain and ordinary meaning; no construction needed. |
| *Claim 9* | |
| wherein the basic inorganic salt is a salt of magnesium and/or a salt of calcium. | Plain and ordinary meaning; no construction needed. |
| *Claim 15* | |
| wherein the fine granules are produced by fluidized-bed granulation method. | Plain and ordinary meaning; no construction needed. |
| *Claim 16* | |
| wherein the enteric coating layer comprises an aqueous enteric polymer agent. | Plain and ordinary meaning; no construction needed. |
| *Claim 17* | |
| wherein the aqueous enteric polymer agent is a methacrylate copolymer. | Plain and ordinary meaning; no construction needed. |
| *Claim 18* | |
| wherein the sustained-release agent is a methacrylate copolymer. | Plain and ordinary meaning; no construction needed. |
| *Claim 19* | |
| wherein the sustained-release agent is in an amount of 5-15 weight % relative to 100 weight % of the aqueous enteric polymer agent. | Plain and ordinary meaning; no construction needed. |
| *Claim 21* | |
| wherein the water-soluble sugar alcohol is mannitol. | Plain and ordinary meaning; no construction needed. |
| *Claim 22* | |
| wherein the water-soluble sugar alcohol is in an amount of 5 to 97 weight % relative to 100 weight % of the orally disintegrable tablet apart from the fine  granules. | Plain and ordinary meaning; no construction needed. |
| *Claim 23* | |
| wherein the crystalline cellulose is in an amount of 3 to 50 weight % relative to 100 weight % of the tablet apart from the fine granule. | Plain and ordinary meaning; no construction needed. |
| *Claim 26* | |
| which further comprises crospovidone. | Plain and ordinary meaning; no construction needed. |
| *Claim 27* | |
| wherein the oral disintegration time is one minute or less. | Plain and ordinary meaning; no construction needed. |

2

| CLAIM TERM | AGREED CONSTRUCTION |
|---|---|
| *Claim 44* | |
| wherein the sustained-release agent is in an amount of 5 to 30 weight % relative to 100 weight % of the aqueous enteric polymer agent. | Plain and ordinary meaning; no construction needed. |

2.      U.S. Patent No. 5,464,632 ("the '632 patent")

| CLAIM TERM, PHRASE, OR CLAUSE | AGREED CONSTRUCTION |
|---|---|
| *Claim 1* | |
| A rapidly disintegratable tablet for oral administration and disintegration in the buccal cavity without the use of water | A tablet that disintegrates rapidly in the mouth without the use of water |
| wherein said tablet comprises an active substance and | Plain and ordinary meaning; no construction needed. |
| said active substance being multiparticulate and in the form of coated microcrystals, or coated microgranules | Plain and ordinary meaning; no construction needed. |
| and wherein said mixture of excipients comprises | Plain and ordinary meaning; no construction needed. |
| a disintegrating agent | a substance, or mixture of substances, added to a tablet that is a causal agent in its breakup or disintegration after administration |
| and swelling agent | a substance, or mixture of substances, which, when contacted with liquid, absorbs the liquid and expands in volume |
| which are responsible for the disintegration of the tablet with the saliva present in the mouth | Plain and ordinary meaning; no construction needed. |
| to achieve in less than 60 seconds a suspension easy to swallow | Plain and ordinary meaning; no construction needed. |
| *Claim 4* | |
| The tablet of claim 1, wherein the mixture of excipients comprises at least one disintegrating agent selected from the group consisting of carboxymethylcellulose, insoluble reticulated PVP and at least one swelling agent selected from the group consisting of starch, modified starch, and microcrystalline cellulose. | Plain and ordinary meaning; no construction needed. |

## II.    Proposed Constructions Of Disputed Terms

Exhibit A includes (1) each party's proposed construction of each disputed term; (2) an identification of all references from the intrinsic evidence that support that construction, and (3) an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses including experts.

## III.   Identification Of Most Significant Terms For Construction

1.    The '994 patent claim terms, the construction of which will be most significant, include:

    a.    "An orally disintegrable tablet"  (Claim 1)

    b.    "fine granules having an average particle diameter of 400 µm or less"  (Claim 1)

    c.    "an enteric coating layer comprising a first component which is an enteric coating agent and a second component which is a sustained-release agent"  (Claim 1)

    d.    "wherein said tablet . . . is orally disintegrable"  (Claim 1)

    e.    "wherein the average particle diameter of the fine granule is 300 to 400 µm" (Claim 2)

2.    The '632 patent claim terms, the construction of which will be most significant, include:

    a.    "a mixture of non-effervescent excipients"  (Claim 1)

    b.    "permits to obtain reduced ph influence in the digestive tract"  (Claim 1)

    c.    "permits to obtain . . . reduced influence of viscosity"  (Claim 1)

## IV.   Identification of Terms Whose Construction Will Be Case Dispositive or Substantially Conducive to Promoting Settlement

1.    The '994 patent claim terms, the construction of which may be dispositive of this action or substantially conducive to promoting settlement, are:

a.    "fine granules having an average particle diameter of 400 μm or less"  (Claim 1)

b.    "an enteric coating layer comprising a first component which is an enteric coating agent and a second component which is a sustained-release agent"  (Claim 1)

c.    "wherein the average particle diameter of the fine granule is 300 to 400 μm" (Claim 2)

2.    The '632 patent claim terms, the construction of which may be dispositive of this action or substantially conducive to promoting settlement, are:

a.    "a mixture of non-effervescent excipients"  (Claim 1)

b.    "permits to obtain reduced ph influence in the digestive tract"  (Claim 1)

c.    "permits to obtain . . . reduced influence of viscosity"  (Claim 1)

## V.    Anticipated Length Of Claim Construction Hearing

The parties anticipate that the claim construction hearing will require one day.

## VI.    Identification Of Claim Construction Witnesses And Testimony

The parties have agreed not to call any witnesses (factual or expert) to offer testimony at the hearing.  However, the parties will rely on the declarations and deposition testimony (together with accompanying exhibits) of expert witnesses Dr. Stephen Byrn and Dr. Russell Mumper.

Respectfully submitted,

Dated: August 21, 2012

By:  *s/John E. Flaherty*
John E. Flaherty
Jonathan M.H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Eric J. Lobenfeld
Arlene L. Chow

**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Philippe Y. Riesen
**HOGAN LOVELLS HORITSU JIMUSHO**
Gaikokuho Kyodo Jigyo
15th Floor Daido Seimei
Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku, Tokyo 100-0013 Japan
(81) 3-5157-8200

*Attorneys for all Plaintiffs*

Paul A. Ragusa
Lisa Kole
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, NY   10112
(212) 408-2588

*Attorneys for Plaintiff Ethypharm, S.A*

By:  s/*Arnold B. Calmann*
Arnold B. Calmann
Geri L. Albin
**Saiber LLC**
One Gateway Center
10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (phone)
(973) 622-3349 (facsimile)
abc@saiber.com
galbin@saiber.com

Thomas J. Parker
Deepro R. Mukerjee
**Alston & Bird LLP**
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400 (phone)
(212) 210-9444 (facsimile)
thomas.parker@alston.com

*Attorneys for Defendant*
*Mylan Pharmaceuticals Inc.*

6

**EXHIBIT A – Parties' Proposed Constructions and Evidentiary Support for Disputed Claim Terms of U.S. Patent Nos. 6,328,994 and 5,464,632**

Parties' Proposed Constructions and Evidentiary Support for USP 6,328,994

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| *Claim 1* | | |
| An orally disintegrable tablet | **Proposed Construction**:<br><br>Plain and ordinary meaning.<br><br>**Evidentiary Support**:<br><br>1) Specification:<br><br>Col. 1, ll. 9-11<br><br>Col. 13, ll. 9-15<br><br>Col. 17, ll. 57-67<br><br>Col. 18, ll. 1-6 | **Proposed Construction:**<br><br>"A tablet that is capable of disintegrating either in the mouth with saliva or in water and then swallowed"<br><br>**Evidentiary Support:**<br><br>1)  Specification:<br><br>Col. 1, ll. 9-11<br><br>Col. 13, ll. 9-15<br><br>Col. 17, ll. 57-67<br><br>Col. 18, ll. 1-6 |
| fine granules having an average particle diameter of 400 µm or less | **Proposed Construction**:<br><br>fine granules up to and including the enteric coating layer having an average particle diameter of 400 µm (± 10%) or less | **Proposed Construction:**<br><br>"fine granules having an average particle diameter of 400 µm or less, with a maximum particle diameter of 425 µm or less" |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | **Evidentiary Support**: <br><br> Construction taken from *Takeda Pharm. Co. Ltd. et al. v. Zydus Pharms. USA Inc., et al.*, Civil Action No. 10-1723 (D.N.J.) (JAP) (Dkt. 113), dated Oct. 5, 2011 at p. 7. <br><br> 1)  Specification: <br><br> Claim 1 <br><br> Abstract <br><br> Col. 2, ll. 18-21 <br><br> Col. 5, ll. 43-50, 57-63 <br><br> Col. 12, ll. 58-59 <br><br> Col. 19, ll. 32-37 <br><br> 2)  Extrinsic Evidence: <br><br> US Pharmacopeia 429 <br><br> Snorek, J. of Pharm. Sci., 96:1451-1467 (2007) | **Evidentiary Support:** <br><br> 1)  Specification: <br><br> Abstract <br><br> Col. 1, l. 30-39 <br><br> Col. 1, ll. 44-52 <br><br> Col. 2, ll. 12-22 <br><br> Col. 2, ll. 41-49 <br><br> Col. 3, ll. 14-22 <br><br> Col. 3, ll. 36-41 <br><br> Col. 4, ll. 49-62 <br><br> Col. 5, ll. 43-56 <br><br> Col. 5, l. 57 – Col. 6, l. 9 <br><br> Col. 12, ll. 56-65 <br><br> Col. 13, ll. 52-53 <br><br> Col. 14, ll. 30-39 <br><br> Col. 14, ll. 59-60 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | | Col. 16, ll. 11-17 |
| | | Col. 19, ll. 32-37 |
| | | Col. 20, ll. 25-30 |
| | | Col. 22, ll. 16-25, 48-50 |
| | | Col. 24, ll. 11-17 |
| | | Col. 26, ll. 4-9 |
| | | Col. 28, ll. 26-31 |
| | | Col. 30, ll. 38-43 |
| | | Col. 32, ll. 52-57 |
| | | Col. 35, ll. 8-14 |
| | | Col. 36, ll. 34-39 |
| | | Examples 1-9 |
| | | 2)  Prosecution History: |
| | | Shimizu Declaration dated September 21, 2000, pp. 4-7 |
| | | EP Patent No. 761,212 (Shimizu) |
| | | U.S. Patent No. 5,501,861 (Makino) |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| an enteric coating layer comprising a first component which is an enteric coating agent and a second component which is a sustained-release agent | **Proposed Construction**:<br><br>The "enteric coating layer" includes a first component that is an "enteric coating agent" which can be a methacrylate copolymer and a second component that is a "sustained-release agent" which can be a methacrylate copolymer.<br><br>**Evidentiary Support**:<br><br>1) Specification:<br><br>Col 4, ll. 4-16<br><br>Col. 5, ll.16-26<br><br>Col. 9, ll. 9-35<br><br>'994 Patent, claims 17 and 18<br><br>'994 Patent, claims 39 and 40<br><br>2) Prosecution History:<br><br>Office Action, dated August 21, 2000<br><br>Amendment, dated December 8, 2000<br><br>Declaration of Shimizu, dated September 21, 2000<br><br>Amendment, dated May 9, 2001 | **Proposed Construction:**<br><br>"an enteric coating layer comprising two discrete, physically separate components, namely a first component which is an enteric coating agent and a second component which is a sustained-release agent, wherein the enteric coating agent controls the location in the digestive system where the active ingredient is released and the sustained release agent releases the active ingredient at a predetermined rate in order to maintain a constant or prolonged drug concentration for a specific period of time"<br><br>**Evidentiary Support:**<br><br>1)  Specification:<br><br>Col. 9, ll. 9-35<br><br>Col. 20, ll. 30-40<br><br>Col. 22, ll. 28-35<br><br>Col. 24, ll. 20-28<br><br>Col. 25, ll. 50-58<br><br>Col. 27, ll. 40-50<br><br>Col. 27, ll. 60-68 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | 3) Extrinsic Evidence: | Col. 29, ll. 60-68 |
| | WO 2006/011159 | Col. 30, ll. 17-25 |
| | US 2008/0113030 | Col. 32, ll. 9-16 |
| | US 2009/0304789 | Col. 32, ll. 30-40 |
| | Vasilevska, K. et al. "Effect of mixtures of soluble Eudragits on release rate of diltiazem hydrochloride from pellets."  Pharmazie 46 (Jan. 1991), p. 54. | Col. 34, ll. 27-35  Col. 34, ll. 46-55 |
| | Obeidat, W. et al.  "Sustained Release Tablets Containing Soluble Polymethacrylates: Comparison with Tableted Polymethacrylate IPEC Polymers."  AAPS PharmSciTech, Vol. 11, No. 1, pp. 54-63, March 2010. | Col. 36, ll. 42-50  Examples 1-9 |
| | Obeidat, W. et al.  "Novel Combination of Anionic and Cationic Polymethacrylate Polymers for Sustained Release Tablet Preparation."  Drug Dev. and Indus. Pharm., 34:650-660 (2008). | 2)  Prosecution History:  Office Action dated August 21, 2000, pp. 2-3  Claim Amendment dated December 18, 2000, pp. 1-3, 6 |
| | Alvarez, D. et al.  "Drug-Release Mechanisms. Comparison of Eudragit FS 30D & Eudragit L30 D-55 as Matrix Formers in Sustained-Release Tablets."  www.drugdeliverytech-online.com/drugdelivery/200707 (printed 1/9/2012) | Office Action dated March 13, 2001, pp. 2-3  Claim Amendment dated May 9, 2001, pp. 2-3, 5-6  Notice of Allowability dated June 1, 200, p. 2 |
| | Holgado, M. et al.  "Physical characterization of carteolol: Eudragit L binding interaction."  Int'l J. of Pharm. 114 (1995) 13-21. | EP Patent No. 761,212 (Shimizu) |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | | U.S. Patent No. 5,501,861 (Makino)<br><br>3) <u>Extrinsic Evidence</u>:<br><br>Remington's Pharmaceutical Sciences, pp. 1669-1670; 1676-1677 (18th ed. 1990)<br><br>Herbert A. Lieberman et al., Pharmaceutical Dosage Forms, Tablets, Vol. 3, Chapter 2, pp. 108-120 (2nd ed. 1990) |
| enteric coating layer | **Proposed Construction**:<br><br>The "enteric coating layer" may be constructed by plural (e.g., 2 or 3) layers.<br><br>**Evidentiary Support**:<br><br>1) <u>Specification</u>:<br><br>Col. 16, ll. 37-38. | **Proposed Construction:**<br><br>This claim limitation should be considered to have its plain and ordinary meaning, *i.e.*, an admixture of an enteric coating agent and sustained release agent.<br><br>**Evidentiary Support:**<br><br>*See* Mylan's Responsive Claim Construction Brief (D.E. 81) at 14-20; Supplemental Declaration of Dr. Russell J.  Mumper (D.E. 80-3) at ¶¶ 35-47 and exhibits cited therein. |
| wherein said tablet . . . is orally disintegrable | **Proposed Construction**:<br><br>Plain and ordinary meaning<br><br>**Evidentiary Support**:<br><br>1) <u>Specification</u>: | **Proposed Construction:**<br><br>"wherein said tablet is capable of disintegrating either in the mouth with saliva or in water and then swallowed"<br><br>**Evidentiary Support:** |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | Col. 1, ll. 9-11<br><br>Col. 13, ll. 9-15<br><br>Col. 17, ll. 57-67<br><br>Col. 18, ll. 1-6 | 1) Specification:<br><br>Col. 1, ll. 9-11<br><br>Col. 13, ll. 9-15<br><br>Col. 17, ll. 57-67<br><br>Col. 18, ll. 1-6 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| *Claim 2* | | |
| wherein the average particle diameter of the fine granule is 300 to 400 μm | **Proposed Construction**:<br><br>wherein the average particle diameter of the fine granule is 300 to 400 μm (± 10%)<br><br>**Evidentiary Support**:<br><br>Construction taken from *Takeda Pharm. Co. Ltd. et al. v. Zydus Pharms. USA Inc., et al.*, Civil Action No. 10-1723 (D.N.J.) (JAP) (Dkt. 113), dated Oct. 5, 2011 at p. 9.<br><br>1) Specification:<br><br>Claims 1 and 2<br><br>Abstract<br><br>Col. 2, ll. 18-21<br><br>Col. 5, ll. 43-50, 57-63<br><br>Col. 12, ll. 58-59<br><br>Col. 19, ll. 32-37<br><br>2) Extrinsic Evidence:<br><br>US Pharmacopeia 429<br><br>Snorek, J. of Pharm. Sci., 96:1451-1467 (2007) | **Proposed Construction:**<br><br>"wherein the average particle diameter of the fine granules is 300 to 400 μm or less, with a maximum particle diameter of 425 μm or less"<br><br>**Evidentiary Support:**<br><br>1) Specification:<br><br>Abstract<br><br>Col. 1, l. 30-39<br><br>Col. 1, ll. 44-52<br><br>Col. 2, ll. 12-22<br><br>Col. 2, ll. 41-49<br><br>Col. 3, ll. 14-22<br><br>Col. 3, ll. 36-41<br><br>Col. 4, ll. 49-62<br><br>Col. 5, ll. 43-56<br><br>Col. 5, l. 57 – Col. 6, l. 9<br><br>Col. 12, ll. 56-65 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
| --- | --- | --- |
| | | Col. 13, ll. 52-53 |
| | | Col. 14, ll. 30-39 |
| | | Col. 14, ll. 59-60 |
| | | Col. 16, ll. 11-17 |
| | | Col. 19, ll. 32-37 |
| | | Col. 20, ll. 25-30 |
| | | Col. 22, ll. 16-25, 48-50 |
| | | Col. 24, ll. 11-17 |
| | | Col. 26, ll. 4-9 |
| | | Col. 28, ll. 26-31 |
| | | Col. 30, ll. 38-43 |
| | | Col. 32, ll. 52-57 |
| | | Col. 35, ll. 8-14 |
| | | Col. 36, ll. 34-39 |
| | | Examples 1-9 |
| | | 2) Prosecution History: |
| | | Shimizu Declaration dated September 21, 2000, pp. |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | | 2-3, 5-7 EP Patent No. 761,212 (Shimizu) U.S. Patent No. 5,501,861 (Makino) |

Parties' Proposed Constructions and Evidentiary Support for USP 5,464,632

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| *Claim 1* | | |
| a mixture of non-effervescent excipients | **Proposed Construction**: mixture of excipients in which effervescent excipients, if any, are less than 5% by weight of the final composition **Evidentiary Support**: 1)  Specification: Col. 2, ll. 40-49 Col. 3, ll. 15-28 2)  Prosecution History: Request for Reexamination, dated December 31, 1998 | **Proposed Construction:** The absence of effervescent excipients, *i.e.*, "a mixture of excipients incapable of producing a gas in an aqueous environment" **Evidentiary Support:** 1)  Specification: Col. 2, ll. 44-49 Col. 3, ll. 15-28 Examples 1-5 2)  Prosecution History: |

10

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | USP 3,882,228 | Request for Re-Examination Dated December 31, 1998 |
| | USP 4,687,662 | |
| | WO 91/04757 | Claim Amendment Dated December 31, 1998 |
| | EP 0 313 328 | Claim Amendment Dated July 5, 2000 |
| | | U.S. Patent No. 2,887,437 |
| | 3) Extrinsic Evidence: | U.S. Patent No. 3,882,228 |
| | Mohrle, R. "Effervescent Tablets." Pharm. Dosage Forms, pp. 285-328, 2nd Ed. 1989 | U.S. Patent No. 4,016,254 |
| | Anderson, N. et al. "Quantitative Evaluation of Pharmaceutical Effervescent Systems I: Design of Testing Apparatus." J. Pharm. Sci., Vol 71, No. 1 (Jan. 1982). | U.S. Patent No. 4,017,598 |
| | | U.S. Patent No. 4,547,359 |
| | | U.S. Patent No. 4,666,703 |
| | Anderson, N. et al. "Quantitative Evaluation of Pharmaceutical Effervescent Systems II: Stability Monitoring by Reactivity and Porosity Measurements." J. Pharm. Sci., Vol. 71, No. 1 (Jan. 1982). | U.S. Patent No. 4,687,662 |
| | | U.S. Patent No. 4,710,384 |
| | | U.S. Patent No. 4,867,987 |
| | Herbert A. Lieberman *et al.,* Pharmaceutical Dosage Forms: Tablets, Vol. 1, Chapter 6, pp. 285, 287-288, 290-291 (2nd ed. 1989) | U.S. Patent No. 4,874,614 |
| | | U.S. Patent No. 4,881,178 |
| | | U.S. Patent No. 4,886,669 |
| | | U.S. Patent No. 4,904,477 |

11

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | | U.S. Patent No. 4,950,484 |
| | | U.S. Patent No. 5,047,247 |
| | | U.S. Patent No. 5,069,910 |
| | | U.S. Patent No. 5,178,878 |
| | | U.S. Patent No. 5,198,228 |
| | | U.S. Patent No. 5,409,711 |
| | | U.S. Patent No. 5,629,016 |
| | | WO 91/04757 |
| | | WO 91/16043 |
| | | EP 003,589 |
| | | EP 207,041 |
| | | EP 255,002 |
| | | EP 273,005 |
| | | EP 281,200 |
| | | EP 313,328 |
| | | EP 347,767 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | | EP 408,273 |
| | | GB 2,067,900 |
| | | GB 2,086,725 |
| | | 3) Extrinsic Evidence: |
| | | Herbert A. Lieberman *et al.,* Pharmaceutical Dosage Forms: Tablets, Vol. 1, Chapter 6, pp. 285, 287-288, 290-291 (2nd ed. 1989) |
| | | Remington's Pharmaceutical Sciences, pp. 1631, 1634 (18th ed. 1990) |
| | | A study of powder adhesion to metal surfaces during compression of effervescent pharmaceutical tablets. Sendall F.E. *et al.*, J. Pharm. Pharmacol. 1986 Jul; 38(7):489-93. |
| | | A new multiple-unit oral floating dosage system. I: Preparation and in vitro evaluation of floating and sustained-release characteristics.  Ichikawa M. *et al.*, J. Pharm. Sci. 1991 Nov; 80(11):1062-6. |
| | | Herbert A. Lieberman *et al.,* Pharmaceutical Dosage Forms: Tablets, Vol. 1, Chapter 6, pp. 285, 287-289, 290-291 (2nd ed. 1989) |
| | | Yamaguchi M. et al., A Disintegration Test for Vaginal Tablets Comparison with BP Test, J. Pharmacol. 1990, 42(11). |

13

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | | Anderson M.P. et al., Lack of Bioequivalence Between Disulfiram Formulations Exemplified by a Tablet/Effervescent Tablet Study, Acta Psychiatr. Scand. Suppl. 1992, 369:31-35.<br><br>Ash M. and Ash I., ed., Handbook of Pharmaceutical Additives, Grower Publishing Ltd. 1995, pp. 47-50, 770.<br><br>The Merck Index 12th ed. 1996 pp. 392-393, 1471-1472.<br><br>FDA database on Dosage Form Definitions, available at http://www.fda.gov/drugs/development/ approvalprocess/formssubmission requirements/electronicsubmissions/datastandards manualmonographs/mcm071666.htm "granule, effervescent" and "tablet, effervescent" |
| permits to obtain reduced ph influence in the digestive tract | **Proposed Construction**:<br><br>the active ingredient in the tablet is less influenced by stomach pH (*i.e.*, the drug is coated)<br><br>**Evidentiary Support**:<br><br>1)  Specification:<br><br>Reexamined Patent Claim 1 | **Proposed Construction:**<br><br>This claim limitation is indefinite.<br><br>**Evidentiary Support:**<br><br>1) Specification:<br><br>Col. 3, ll. 41-51 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
| | Abstract<br><br>Col. 1, ll. 6-16<br><br>Col. 1, ll. 26-37<br><br>Col. 3, ll. 41-51<br><br>Col. 7, ll. 9-14<br><br>2) <u>Prosecution History</u>:<br><br>Amendment, dated January 5, 2000 | |
| permits to obtain . . . reduced influence of viscosity | **Proposed Construction**:<br><br>the formulation influences viscosity less than the prior art formulations of record that have excipients increasing viscosity<br><br>**Evidentiary Support**:<br><br>Construction taken from *Takeda Pharm. Co. Ltd. et al. v. Zydus Pharms. USA Inc., et al.*, Civil Action No. 10-1723 (D.N.J.) (JAP) (Dkt. 113), dated Oct. 5, 2011 at p. 13.<br><br>1) <u>Specification</u>:<br><br>Reexamined Patent Claim 1 | **Proposed Construction:**<br><br>This claim limitation is indefinite.<br><br>**Evidentiary Support:**<br><br>1) <u>Specification:</u><br><br>Col. 3, ll. 41-51 |

| CLAIM TERM | PLAINTIFFS' PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT | DEFENDANT'S PROPOSED CONSTRUCTION AND EVIDENTIARY SUPPORT |
|---|---|---|
|  | Abstract<br><br>Col. 3, ll. 41-51<br><br>2) Prosecution History<br><br>Amendment, dated January 5, 2000<br><br>Request for Reexamination, dated December 31, 1998<br><br>U.S. Patent 4,886,669 |  |

*      *      *

To the extent permitted, the parties reserve their rights to amend or supplement the constructions and intrinsic and extrinsic evidence set forth herein.