UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCK & COMPANY, INC., et al., : | |
| Plaintiffs, : | Civil Action No. 11-2506 (JAP) |
| v. : | |
| SUN PHARMACEUTICAL INDUSTRIES, LTD., et al., : | PRETRIAL SCHEDULING ORDER |
| Defendants. : | |

This matter having come before the Court for an initial scheduling conference pursuant to Fed. R. Civ. P. 16 on December 6, 2012; and the Court having conferred with counsel; and good cause appearing for the entry of the within Order,

IT IS on this 14th day of December 2012,

ORDERED that:

1. The Court will conduct telephone status conferences as follows:

> February 5, 2013 at 3:30 p.m.
> March 26, 2013 at 2:00 p.m.
> May 1, 2013 at 10:30 a.m.
> June 24, 2013 at 10:00 a.m.
> August 5, 2013 at 10:30 a.m.

Plaintiffs' counsel shall initiate these calls.

2. Plaintiffs shall disclose the asserted patent claims no later than **December 13, 2012**.

3. Invalidity and noninfringement contentions and related documents shall be disclosed no later than **February 4, 2013.**

4. No later than **January 7, 2013,** the Parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3. All documents shall be produced for outside counsel's eyes only until the Order is entered.

5. Infringement contentions and responses to invalidity contentions and related documents shall be disclosed no later than **February 4, 2013.**

6. The Parties shall exchange proposed claim construction terms no later than later **February 18, 2013.**

7. The Parties shall exchange preliminary claim constructions and extrinsic evidence no later than **March 11, 2013.**

8. The Parties shall exchange identification of all evidence supporting construction of proposed terms no later than **March 25, 2013.**

9. The Parties shall file a Joint Claims Construction and Prehearing Statement no later than **April 9, 2013.**

10. Claim construction discovery shall be completed no later than **May 9, 2013.**

11. Opening Markman Briefs shall be filed no later than **May 24, 2013.**

12. Markman expert discovery shall be completed no later than **June 24, 2013.**

13. Responsive Markman Briefs shall be filed no later than **July 23, 2013.**

14. A joint letter regarding the scheduling of the Markman hearing shall be submitted no later than **August 6, 2013.**

**15.** All fact discovery is to be concluded by **August 16, 2013.** No discovery is to be issued or engaged in beyond that date except upon application and for good cause shown.

16. Absent leave of Court, the number of depositions to be taken by each side shall not exceed **10**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

17. Counsel shall confer in a good faith attempt to informally resolve any an all discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention by letter to the undersigned. The Court will thereafter schedule a telephone conference to address the dispute.

18. All affirmative expert disclosures and reports shall be served by **September 19, 2013**.

19. All responding expert disclosures and reports shall be served by **October 21, 2013**.

20. All reply expert reports shall be served by **November 11, 2013.**

21. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

22. All expert discovery shall be completed by **December 20, 2013**.

23. Any dispositive motions shall be discussed in advance of filing with the undersigned either in-person or by teleconference. All dispositive motions must be filed no later than **January 17, 2014**. Opposition Briefs shall be filed no later than **February 4, 2014** and Reply Briefs, if any, shall be filed no later than **February 28, 2014**.

24. A Final Pretrial Conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **April 29, 2014**. The Final Pretrial Conference may occur even if there are dispositive motions pending.

25. Plaintiff's proposal for a bifurication of discovery as to whether this case qualifies as an "exceptional case" is adopted and such discovery will be deferred.

26. The Parties' agreement covering the production of electronically stored information, as set forth in their Joint Discovery Plan, is incorporated herein by reference.

27. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

28. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel. Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge